# United States District Court
## for the
### Western District of New York

United States of America

v.

ARI ELIAS BAUM

*Defendant*

Case No. 14-M- 1026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

1. On or about December 19, 2013, in the Western District of New York, the above named defendant did knowingly and willfully make a false statement of a material fact for use in determining his rights to Supplemental Security Income benefits, in that the defendant falsely stated that, since March 1, 2013, he had not been outside the United States for a calendar month or 30 consecutive days, in violation of Title 42, United States Code, Section 1383a(a)(2).

2. On or about December 19, 2013, in the Western District of New York, the above named defendant, having knowledge of the occurrence of any event, affecting his continued right to Supplemental Security Income benefits, that is, that the defendant had been outside the United States for a calendar month or for 30 consecutive days, concealed and failed to disclose such event with an intent fraudulently to secure Supplemental Security Income benefits when no such benefit was authorized, in violation of Title 42, United States Code, Section 1383a(a)(3).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

Joan Torres, Special Agent
Social Security Administration

*Printed name and title*

Sworn to before me and signed in my presence.
Date: March 31, 2014

*Judge's signature*

JEREMIAH J. McCARTHY.
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Joan Torres, being duly sworn, deposes and states:

1. I am a Special Agent with the United States Social Security Administration, Office of the Inspector General and have been so employed for 15 years. My duties include the investigation of allegations of fraud, waste and abuse of Social Security Administration (SSA) programs.

2. I make this affidavit in support of a complaint charging ARI ELIAS BAUM with having violated Title 42, United States Code, Sections 1383a(a)(2) and 1383a(a)(3). The information set forth in this Affidavit has been gained from my investigation, my personal observations, my training and experience and/or information related to me by Agents of the Federal Bureau of Investigation and/or other law enforcement agents. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Title 42, United States Code, Sections 1383a(a)(2) and 1383a(a)(3) have been violated.

3. ARI ELIAS BAUM has been receiving Supplemental Security Income (SSI) from the SSA since 2002. Under the Social Security Act, SSI is a monthly income subsidy program available to aged, blind or disabled individuals who meet specific income asset thresholds. SSI recipients are informed that they are required to report any change in their living arrangements, including if they leave the United States for 30 days or more, and any changes in their assets and income, as it may affect their eligibility to receive SSI benefits. These reporting responsibilities are provided to them during every interview they have with the SSA and on correspondence they receive from the SSA regarding their SSI benefits.

4. Title 42 of the United States Code, Section 1383a, is set forth below. The provisions applicable here are underscored.

42 U.S.C.A. § 1383a

> United States Code Annotated
> Title 42. The Public Health and Welfare
> Chapter 7. Social Security
> Subchapter XVI. Supplemental Security Income for Aged, Blind, and Disabled

Part B. Procedural and General Provisions
→§ 1383a. **Fraudulent acts; penalties; restitution**

(a) In general
Whoever--

**(1)** knowingly and willfully makes or causes to be made any false statement or representation of a material fact in any application for any benefit under this subchapter,

**(2)** <u>at any time knowingly and willfully makes or causes to be made any false statement or representation of a material fact for use in determining rights to any such benefit</u>,

**(3)** <u>having knowledge of the occurrence of any event affecting</u> (A) <u>his initial or continued right to any such benefit</u>, or (B) the initial or continued right to any such benefit of any other individual in whose behalf he has applied for or is receiving such benefit, <u>conceals or fails to disclose such event with an intent fraudulently to secure such benefit</u> either in a greater amount or quantity than is due or <u>when no such benefit is authorized</u>, or

**(4)** having made application to receive any such benefit for the use and benefit of another and having received it, knowingly and willfully converts such benefit or any part thereof to a use other than for the use and benefit of such other person,

shall be fined under Title 18, imprisoned not more than 5 years, or both.

Accordingly, whether or not a recipient of SSI benefits has been out of the United States for a calendar month or for 30 consecutive days is a fact that is material for use in determining the recipient's right to such benefits.

5. On November 3, 2009, the SSA sent BAUM a Notice of Planned Action addressed to 146 Mariner Ave., Buffalo, New York, wherein they advised him that as of December 1, 2009, his SSI benefits were being stopped because the SSA did not have accurate address and bank information for him. In that notice he was asked to contact the SSA as soon as possible.

6. On March 11, 2010, the SSA sent BAUM a letter addressed to 146 Mariner Ave., Buffalo, New York, wherein it stated that for the time period covering May 1, 2009, through March 2010, he was not entitled to receive SSI payments because he was out of the United States for 30 days or more in a row. This resulted in an overpayment of SSI benefits totaling $5,327.00, which would subsequently be recovered from any of his future SSI benefits.

7. On April 9, 2010, in an interview with BAUM at his residence in Buffalo, conducted and documented by the FBI and provided to me, BAUM admitted to being out of the country from April 2009 through March 2010. BAUM further stated that he had run out of money to live on as the SSA stopped paying his SSI benefits because he was not eligible to receive them is he was living outside the country. He stated that the SSA office in Buffalo, NY, found out he was outside of the country and stopped the benefits. BAUM stated the he owed the SSA $5,300.00 in payments he received and was not entitled to while outside the country, and that he intended to pay it back.

8. On December 29, 2010 and March 13, 2013, BAUM completed two separate Redeterminations for Determining Continuing Eligibility for

Supplemental Security Income Payments with the SSA, wherein he responded to questions about his living arrangements and about being outside the United States for 30 days or more. In both Redeterminations he was advised of his reporting responsibilities in writing, including being outside of the United States for 30 days or more, as this would affect his eligibility for SSI.

9. The FBI learned that BAUM was out of the United States in April 2013, and that BAUM stated to his father that he would lose the SSI eventually if he stayed outside the United States, because they (SSA) will find out that he is out of the country.

10. In February 2014, I was provided by the FBI with copies of border crossing records obtained from the U.S. Department of Homeland Security, Customs and Border Enforcement, which reflect BAUM'S arrivals and departures from the United States. These records reflect that BAUM left the United States on 4/22/09 and returned on 3/2/10; left the United States on 3/22/13 and returned on 8/13/13; and most recently left the United States on 1/1/14 and has not yet returned.

11. On December 19, 2013, BAUM orally completed a Redetermination for Determining Continuing Eligibility for SSI payments, wherein he stated that, since March 1, 2013, he had not been outside the United States for a calendar month or 30 consecutive days. BAUM responded to questions put to him during a telephone call from an SSA claims representative in the SSA office in Buffalo, New York. Among the questions he responded to was whether he had been outside the United States for a calendar month or 30 consecutive days since March 1, 2013. He answered that he had not.

12. ARI ELIAS BAUM's false statement regarding his being outside the country for 30 or more consecutive days in 2013; and his failure to disclose to the SSA that he was outside of the country from 3/22/13 through 8/13/13, and his continued absence form 1/1/14 until the present, has resulted in an overpayment of SSI benefits in the amount of approximately $6,414.00, to which BAUM was not entitled.

WHEREFORE, there is probable cause to believe that ARI ELIAS BAUM knowingly and willfully made a false statement or representation of a material fact for use in determining rights to SSI benefits in violation of Title 42, United States

Code Section 1383a(a)(2); and failed to disclose an event (i.e., being out of the country for a calendar month or 30 consecutive days) that would affect his continued right to receive SSI benefits in violation of Title 42, United States Code Section 1383a(a)(3).

*[signature]*
JOAN TORRES
Special Agent
SSA, OI


Subscribed and sworn before me this
31st day of March, 2014

*[signature]*
JEREMIAH J. McCARTHY
United States Magistrate Judge