# Federal Public Defender's Office
## Western District of New York

Marianne Mariano
**Federal Public Defender**
marianne_mariano@fd.org

Brian P. Comerford
**Assistant Federal Public Defender**
Brian_comerford@fd.org

300 Pearl Street, Suite 200
Buffalo, New York 14202

716-551-3341
Fax:   716-551-3346

Rochester Office
28 East Main Street
First Federal Plaza, Suite 400
Rochester, New York 14614
585-263-6201
585-263-5871-Fax

Reply to: **Buffalo**

June 15, 2015

Honorable Jeremiah J. McCarthy
United States Magistrate Judge
United States District Court
2 Niagara Square
Buffalo, New York 14202

RE:   *United States v. Ari Baum*
        14-CR-164-WMS

Dear Honorable Judge McCarthy:

The defense respectfully submits the following letter brief concerning the search warrant for Ari Baum's Facebook records and the applicability of the good faith exception.

> I.   *The good faith exception does not apply where the Government obtains records pursuant to a search warrant for one crime, retains records unrelated to that crime, and subsequently uses those records in an unrelated criminal prosecution.*

In *United States v. Ganais*, 755 F.3d 125 (2d Cir. 2014), the Second Circuit found that agents violated defendant's Fourth Amendment rights, and did not act in good faith, when they executed a search warrant on defendant's computers, retained a forensic copy of the electronic files for an extended period of time, and then used those files in a future criminal investigation. In Baum's case, the Government originally obtained a search warrant for Baum's Facebook account based on probable cause that he was involved in the material support of terrorism.   The Government now intends to use these materials to prosecute Baum for social security fraud.   It was unreasonable and not in good faith for the Government to retain Facebook materials unrelated to material support of terrorism and subsequently use them in an unrelated criminal prosecution.

In *Ganais*, the Army investigated two of Ganais' companies for stealing materials and improperly billing the Army.   In 2003, the Army executed a search warrant for Ganais' computers and seized forensic copies of three computer hard drives.   In 2004 and 2005 the IRS began investigating Ganais for tax violations.   In 2006, the Government obtained a *second*

search warrant to search the hard drive images for Ganais' personal financial records. The Circuit held that the Fourth Amendment did *not* "permit[] officials executing a search warrant for the seizure of particular data on a computer to seize and indefinitely retain every file on that computer for use in future criminal investigations." *Id.* at 137-38 ("The Government clearly violated Ganais's Fourth Amendment rights by retaining the files for a prolonged period of time and then using them in a future criminal investigation."). The Circuit further held that the Agents did not act in good faith when they retained Ganais' computer files to be used in a future criminal investigation. *Id.* at 140.

In Baum, the Government did not even seek to obtain a second search warrant. The FBI investigated Baum for material support of terrorism and obtained a search warrant for his Facebook account in November of 2013. In March of 2014, following an investigation by the Social Security Administration, the Government charged Baum with Social Security fraud. The Government intends to use evidence of this fraud which was previously seized under the Facebook warrant and retained by the FBI. Among the extensive Facebook records are communications between Baum and his father where Baum discusses his Social Security payments. These communications have nothing to do with allegations of terrorism, and should not have been retained by the Government for use in a future unrelated prosecution. Moreover, similar to the situation in *Ganais*, there is no good faith basis to retain all of the information seized pursuant to the Facebook warrant for use in future cases—particularly information with no relevance to material support of terrorism.

The Court should conduct a hearing to determine whether the Government improperly retained the Facebook records, specifically those unrelated to material support of terrorism, for use in a future prosecution. It is unclear when the Facebook records obtained by the FBI were made available to Social Security Investigators (notably, the search warrant and Facebook communications involving Baum are not mentioned in the affidavit in support of the Complaint). In any event, it is clear that Facebook records with no relation to material support of terrorism were retained by the FBI and are now being used in an unrelated criminal prosecution for Social Security Fraud. We respectfully request that the Court order a hearing on this issue.

## II. *The search warrant was so overbroad that no reasonable law enforcement officer should have relied on it to seize and retain all of Baum's Facebook records.*

The warrant directing agents to seize and review all communications and effectively all information from Mr. Baum's Facebook account was impermissibly overbroad. It authorized the search of every type of information and communication that can be shared on Facebook, publicly or privately, between Mr. Baum and his over 1,000 Facebook friends, only one of which ("mnds.yabroody") was identified as a potential terrorist. By its plain terms, the warrant permitted the seizure of the following information: all contact information (full name, address, birthdays, phone numbers of Mr. Baum's contacts as well as a list and other pertinent information relating to the members of any Facebook group to which Mr. Baum belonged); any photoprints (including any photos in which Mr. Baum or his alleged terrorist "friend" had been tagged); All neoprints, status updates, friends lists, groups, networks, rejected "friend" requests,

comments, posts, access information, etc.; all other communications and messages made or received by the user, including all private messages, chat messages, and pending friend requests; all IP logs including all records of other IP addresses logged into Mr. Baum's Facebook account; all information about Mr. Baum's access; and all records relating to communications between Facebook and any person regarding Mr. Baum or Mr. Baum's Facebook account, including contacts; among other things.  This was a completely exhaustive list of any potential communication or search that could be initiated or received via Facebook.   In this respect, the warrant was so obviously overbroad that reliance upon cannot be said to have been reasonable.  As such, the good faith exception cannot salvage from suppression the evidence seized pursuant to that warrant.  *See United States v. Leon*, 468 U.S. 897, 923 (1984) (articulating the four circumstances under which an officer cannot rely on the good faith exception to suppression, the fourth being "where the warrant is so facially deficient that reliance upon it is unreasonable.").

### III.    *By permitting law enforcement to seize every piece of information retained by Facebook, the warrant effectively authorized a constitutionally impermissible general search, which cannot be justified under the good faith exception.*

Here, the warrant set forth every possible piece of information that Mr. Baum's Facebook account could yield, including personal information about people with the most tenuous of connections to Mr. Baum, without limitation.   The warrant was akin to one authorizing officers to enter a home and seize all of the furniture, appliances, food, clothes, computers, phones, mail and papers, and later search those items for proof of a particular crime.   Put another way, the warrant authorized an unbridled, exploratory search of Mr. Baum's Facebook account, a communication network upon which he heavily relied for recreational and other legitimate purposes.   As the Second Circuit recently recognized in *United States v. Galpin*, 720 F.3d 436, 446 (2d Cir. 2013), "advances in technology and the centrality of computers in the lives of average people have rendered the computer hard drive akin to a residence in terms of scope and quantity of private information it may contain."   *Id.* (citing *United States v. Payton*, 573 F.3d 859, 861-862 (9th Cir. 2009); *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009)).   As Facebook is accessible via a user's computer, tablet or smartphone and operates as a portal to millions of websites offering music, goods, services, social contact, religious congregation and anything else imaginable, the potential for unconstitutional violations is immense.

As the *Galpin* court acknowledged, authorizing the general search of electronic data is a constitutionally more dangerous game than a similar search of a home because law enforcement is not limited by the dimensions of electronic data as it would be when searching for physical evidence.   "Where a warrant authorizes the search of a residence, the physical dimensions of the evidence sought will naturally impose limitations on where an officer may pry:   an officer could not properly look for a stolen flat screen by rummaging through a suspect's medicine cabinet, nor search for false tax documents by viewing the suspect's home video collection."   *Id.* at 447.   "[I]n the digital realm, where the size or other outwardly visible characteristics of a file may disclose nothing about its contents," the potential for abuse by law enforcement is much greater.   *Id.*   "Because files containing evidence of a crime may be commingled with millions

of innocuous files, '[b]y necessity, government efforts to locate particular files will require examining a great deal of other files to exclude the possibility that the sought-after data are concealed there.'" *Id.* (quoting *United States v. Comprehensive Drug Testing, Inc.,* 621 F.3d 1162, 1176 (9th Cir. 2010)). In this case, the warrant was so overbroad that it effectively authorized a general search, and it was not reasonable for agents to rely on this warrant to seize and retain all of Baum's Facebook records, including those with no relevance to an investigation for material support of terrorism.

### IV. If the Court finds that some portions of the warrant are permissible but some portions are not, the Court should conduct a hearing as to "severability."

In *Galpin*, 720 F.3d 436, 446 (2d Cir. 2013), the Circuit found that a warrant authorizing the search of all of defendant's computer devices was impermissibly overbroad, and remanded for a hearing as to severability. The Circuit instructed that a severability analysis should examine whether each clause of the warrant was supported by probable cause. *Id. At 448-49.* Here, even if the Court finds that there was probable cause to support a seizure of Facebook communications related to terrorism, this would not support the seizure and retention of communications between Baum and his family, particularly those concerning his receipt of social security benefits. If the Court finds that there was probable cause as to material support, but that the warrant was otherwise overbroad and not supported by probable cause, the Court should conduct a hearing and determine whether the overbroad portions of the warrant are severable. At such a hearing, we would contend that the Government should have limited the scope of the search warrant, and at a minimum, not retained communications which were unrelated to material support of terrorism.

Here, the Government obtained a substantially overbroad warrant seeking evidence that Baum was involved in the material support of terrorism. The Government used this warrant to obtain all of Baum's Facebook records, including all communications involving Baum, whether or not the records had any relevance to material support of terrorism. The Government retained all of these Facebook records, and now seeks to use them in a completely unrelated prosecution for Social Security fraud. This is unreasonable, and is not saved by the good faith exception. The government bears the burden of showing "the objective reasonableness of the officers' good faith reliance." *Ganias*, 755 F.3d at 140 (citing *United States v. Vousitaniouk*, 685 F.3d 206, 215 (2d Cir. 2012). We respectfully request that the Court order a hearing as to these issues.

Respectfully submitted,

s/ Brian P. Comerford

Brian P. Comerford
Assistant Federal Public Defender