IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

       -v-                                      14-CR-164

ARI ELIAS BAUM,

                     Defendant.
―――――――――――――――――――――――――――――

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL LETTER**
**BRIEF CONCERNING THE FACEBOOK SEARCH WARRANT**

The United States of America, through its attorneys, William J. Hochul, Jr., United

States Attorney for the Western District of New York, and Frank T. Pimentel, Assistant

United States Attorney, of counsel, hereby files its response to defendant's letter brief

submitted to the Court on June 15, 2016 (Docket Entry ("DE") 63).

## I.   FACTUAL BACKGROUND

In April 2013, the Federal Bureau of Investigation ("FBI") learned that the defendant

was outside of the United States.   (DE 1.)   In August 2013, the defendant returned to the

United States.   (DE 1.)   The FBI, however, had developed concerns about possible ties to

terrorism that it seemed the defendant might have.   Accordingly, on November 21, 2013,

FBI Special Agent Randall E. Garver applied for and obtained a search warrant from the

Honorable H. Kenneth Schroeder, Jr., for the defendant's Facebook account.   (See DE 38-1

at 1-32.)

Four weeks later, on December 19, 2013, the defendant completed a Supplemental Security Income ("SSI") benefits redetermination over the phone.   During the interview, he stated that since March 1, 2013, he had not been outside the United States for a calendar month or 30 consecutive days.   (DE 1.)   As described above, this was not true.

The defendant was subsequently indicted based on his December 19, 2013 false statements to the Social Security Administration, and his improper receipt of SSI benefits while he was out of the country from April 2013 to August 2013.   (DE 16.)


## II.   ARGUMENT

### A.   The Search Warrant Was Supported by Probable Cause and Not Overbroad

The government incorporates by reference as though fully stated herein its argument set forth in its response to defendant's omnibus pretrial motions.   (DE 39 at 3-8.)


### B.   Regardless of Probable Cause, the FBI Reasonably Relied on the Search Warrant

The government incorporates by reference as though fully stated herein its argument set forth in its response to defendant's omnibus pretrial motions.   (DE 39 at 8-9.)   The government also incorporates by reference as though fully stated herein the arguments it made on the "good-faith" issue aside from those related to United States v. Ganias, 755 F.3d 125 (2d Cir. 2014), overruled by United States v. Ganias, -- F.3d --, 2016 U.S. App. LEXIS 9706 (2d Cir. May 27, 2016) (en banc).   (DE 48 at 3-8.)

With respect to Ganias, it no longer supports the defendant's argument concerning good faith; and instead of relying on it, the defendant now attempts to distinguish it from the

present case.   (See DE 63 at 2.)   Ganias does not change the law concerning the good-faith

exception to the exclusionary rule in any respect relevant to the present case.   Accordingly,

the government maintains its previously-stated position as to good faith.

Finally, the defendant argues that good faith is defeated here because agents (he

claims) searched beyond the confines of the search warrant and then failed to obtain a second

search warrant after coming upon evidence of an offense not contemplated in the first search

warrant.   (See DE 63 at 2.)   The argument fails.   Magistrate Judge Schroeder's November

21, 2013 Search Warrant authorized law enforcement officers to review information and

records from the defendant's Facebook account (compiled and provided by Facebook, Inc.

personnel) in order to determine what information should be seized, namely

"communications . . . that would constitute Providing Material Support to Terrorists."   (DE

38-1 at 3.)   Thus, by the Search Warrant's terms, agents were authorized in the first instance

to *review* the contents of the defendant's Facebook account as provided by Facebook.

Accordingly, anything that the agents came across during that process, which was evidence

of criminal activity that agents had probable cause to believe the defendant had engaged in,

was subject to the "plain view" exception to the warrant requirement.   See United States v.

Gamble, 388 F.3d 74, 76 (2d Cir. 2004) ("'plain view' exception 'authorizes seizure of . . .

evidentiary items visible to a police officer whose access to the object has some prior Fourth

Amendment justification and who has probable cause to suspect that the item is connected

with criminal activity'") (citations omitted).   Here, Baum was criminally collecting SSI

benefits while out of the country between April 2013 and August 2013, well before the Search

Warrant was obtained.   Accordingly, agents had probable cause to suspect him of this crime

when they executed the Search Warrant and were, therefore, entitled under the "plain view"

exception to seize evidence of that crime at that time.   See id. at 77 (plain view exception applied to ammunition clip found in defendant's dresser drawer when officers executed search warrant authorizing them to search for and seize cocaine and drug paraphernalia).

### III.   CONCLUSION

The government respectfully renews its request that the defendant's motion to suppress be denied.


DATED:          Buffalo, New York, June 16, 2016.

WILLIAM J. HOCHUL, JR.
United States Attorney


BY:    s/FRANK T. PIMENTEL
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5868
Frank.T.Pimentel@usdoj.gov