UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

   -v-                                              **14-CR-164-WMS-JJM**

ARI ELIAS BAUM,                     **REPLY TO GOVERNMENT'S**
                                                    **RESPONSE**
        Defendant.
_____

On March 6, 2017, the Honorable Jeremiah J. McCarthy filed a Report and Recommendation (R&R) regarding Ari Baum's pending motions. (Docket No. 94). The Defense filed Objections to the R&R (Docket No. 97), and the Government filed a Response (Docket No. 106). The Defense now respectfully submits the following Reply.

The Defense maintains that there was insufficient probable cause to support the search warrant. In its response, the Government attaches significance to the fact that Mr. Baum was "facebook friends" with an individual using the name "mnds.yabroody." According to the search warrant application, the FBI believed that "mnds.yabroody" was an individual located in Syria, possibly a Syrian rebel fighter, who was advocating for the overthrow of the Bashar al-Assad regime. (Application at p. 19). The FBI indicated that "mnds.yabroody" had "liked" several Facebook profiles of Syrian rebel groups including ISIL. (Application at 16).

Beyond following groups on Facebook and "liking" profiles that purported to represent these groups, there was no other evidence linking "mnds.yabroody" to these organizations. Moreover, "mnds.yabroody" is one of over a thousand of Mr. Baum's facebook "friends," there was no indication Mr. Baum knew who "mnds.yabroody" was, had ever met him, spoken with

him, etc.  This tenuous connection does not support a finding of probable cause that Mr. Baum was involved in the material support of a designated foreign terrorist organization.  Mr. Baum "friended" an individual who had "liked" these organizations—nothing more.

The Government may argue that they needed the search warrant to determine the extent of the link between Baum, Yabroody, and alleged terrorist organizations.  That argument relates to the overbreadth of the warrant.  The Government could have tailored the warrant to communications between Baum and "mnds.yabroody," and to the sections of Mr. Baum's profile that he had shielded from public view—if that search led to additional information the Government could always seek a broader warrant.  Instead the Magistrate Judge found probable cause to justify a search of *all* of Mr. Baum's communications on Facebook with *anyone* not just "mnds.yabroody."

Admittedly, there was ample evidence that Mr. Baum would frequently engage in heated religious debates, that he had traveled to foreign countries to study his religion, and that he would sometimes state his fervent religious beliefs in an online setting.  Much of Mr. Baum's activities fall within his rights under the First Amendment to make religious and political speech, and should not serve as probable cause for a search warrant into his all of his Facebook communications.

Viewing all of the facts in the totality, the information presented to the Magistrate Judge did not support a finding of "probable cause" that Mr. Baum was involved in the material support of terrorism.  Furthermore, the warrant as authorized was overbroad and should have been narrowly tailored to communications between Baum and "mnds.yabroody."  The defense

respectfully requests that the Court reject the R&R and suppress the evidence obtained from the Facebook warrant.

**DATED**:	Buffalo, New York, June 9, 2017

Respectfully submitted,

**/s/ Brian P. Comerford**
Brian P. Comerford
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
brian_comerford@fd.org
*Co-Counsel for Ari Elias Baum*

**TO:**   Jonathan Paul Cantil
Assistant United States Attorney