Case 1:14-cr-00164-WMS-JJM   Document 122   Filed 07/17/17   Page 1 of 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 14-CR-164-WMS |
| v. | |
| ARI ELIAS BAUM, | TRIAL BRIEF |
| Defendant. | |

_____

Ari Baum is charged in a four-count Indictment with charges related to his alleged wrongful receipt of Social Security benefits in 2013.  Specifically, Count 1 charges that Mr. Baum made a false statement used in determining his Social Security benefits in violation of 42 U.S.C. § 1383a(a)(2); Count 2 charges Social Security benefits fraud in violation of 42 U.S.C. § 1383a(a)(3); Count 3 charges theft of government property in violation of 18 U.S.C. § 641; and Count 4 charges making a false statement in violation of 18 U.S.C. § 1001(a)(2).  This case is scheduled for trial beginning on September 19, 2017.

1. **Psychiatric Evidence**

The Defense intends to offer evidence of Mr. Baum's psychiatric issues.  First, this evidence is necessary to avoid unfair prejudice.  The jury will hear evidence that Mr. Baum has long been receiving Social Security benefits for his disability.  Based on appearances, Mr. Baum looks perfectly healthy and capable of working, and the jury will hear about his extensive overseas travel.  There is a substantial risk that jurors may jump to the conclusion that Mr. Baum had been receiving Social Security benefits based on some exaggerated or non-existent physical ailment.  A juror may look at Mr. Baum and think "he seems healthy to me, and he can travel

around the world, why can't he get a job?" The jury should know, at a minimum, that Mr. Baum received benefits because of a psychiatric disorder and not a physical condition.

Additionally, the Indictment charges Mr. Baum with fraud offenses that require proof of a specific intent. In certain circumstances, a defendant may offer evidence of a psychiatric condition to negate evidence of a specific intent. *See United States v. Bumagin*, 136 F. Supp. 3d 361, 372 (E.D.N.Y. 2015) (explaining that "[T]he IDRA [Insanity Defense Reform Act of 1984] does not preclude a defendant from submitting mental health evidence for the purpose of rebutting the prosecution's proof of the *mens rea* element of a specific intent crime" but noting that such evidence is permitted only in "rare and narrowly defined circumstances") *citing United States v. Sabir*, 2007 WL 1373184, at *5 (S.D.N.Y. May 10, 2007). If permitted, the defense intends to offer evidence to rebut the Government's contention that Mr. Baum *intended* to defraud the Social Security Administration by wrongfully accepting benefits or making misrepresentations. The defense intends to file a motion *in limine* seeking to introduce this evidence.

### 2. Evidence Relating to Investigation for Material Support of Terrorism

Mr. Baum was originally investigated by the Government for allegations that he was involved in the material support of a terrorist organization. The Government may seek to elicit some evidence of this investigation at trial. Any mention of "terrorism," "religious extremism," or "terrorist ideology" would be extremely prejudicial to Mr. Baum and has no relevance to the crimes charged in the Indictment. The defense intends to file a motion *in limine* seeking to preclude any such evidence.

**DATED**:  Buffalo, New York, July 17, 2017.

        Respectfully submitted,

        **/s/  Brian P. Comerford**
        Brian P. Comerford
        Assistant Federal Public Defender
        Federal Public Defender's Office
        300 Pearl Street, Suite 200
        Buffalo, New York 14202
        (716) 551-3341, (716) 551-3346 (Fax)
        brian_comerford@fd.org
        *Counsel for Defendant Ari Elias Baum*

**To:**  Jonathan P. Cantil
     Assistant United States Attorney

     Troy Zeller
     Probation Officer