IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                14-CR-164-S

ARI ELIAS BAUM,

      Defendant.

---

## PLEA AGREEMENT

The defendant, ARI ELIAS BAUM, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 42, United States Code, Section 1383a(a)(2) (False Statement for Use in Determining Supplemental Security Income Benefits) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.  Pursuant to Title 18, United States Code, Section 3663(a)(3), the parties agree that the Court shall require restitution in the amount of $4,277.23 to be paid to the Social

Security Administration as part of the defendant's sentence. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years  without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.      ELEMENTS AND FACTUAL BASIS

4.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a.      The defendant knowingly and willfully made or caused to be made a false statement or representation to the Social Security Administration; and

    b.      the false statement or representation was of a material fact used by the Social Security Administration in determining the rights to Supplemental Security income.

## FACTUAL BASIS

5.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   On March 22, 2013, the defendant departed the United States and traveled to Morocco, Turkey, Egypt, the United Arab Emirates, and France and did not return to the United States until August 13, 2013.

b.   At all times between March 22, 2013, and August 13, 2013, the defendant was receiving Supplemental Security Income. Supplemental Security Income is a federally funded disability insurance program provided by the Social Security Administration.

c.   In order to remain eligible to receive Supplemental Security Income, recipients cannot leave the United States for 30 consecutive days or a calendar month.

d.   Following the defendant's international travel between March 22, 2013, and August 13, 2013, the defendant was interviewed, under oath, by a Social Security Administration representative to determine whether the defendant remained eligible for Supplemental Security Income benefits. The representative asked the defendant whether the defendant had been out of the country from 30 consecutive days or a calendar month since March 1, 2013, to which the defendant knowingly and willfully made a false statement, when he stated he had not been outside of the country for 30 consecutive days or a calendar month.

e.   The defendant's false statement was material because he would not have been eligible to receive Supplemental Security Income benefits had he told the truth.

## III.    SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.    The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

## ACCEPTANCE OF RESPONSIBILITY

8.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 4.

## CRIMINAL HISTORY CATEGORY

9.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.     It is the understanding of the government and the defendant that, with a total offense level of 4 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $500 to $9,500, and a period of supervised release of 1 to 3 years.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or

recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement or recommended by either party) and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

13.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

14.   The defendant understands that the government has reserved the right to:

    a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.      advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

    d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

15.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action as against the defendant.

16.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    APPEAL RIGHTS

17.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment,

a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.  The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I of this agreement.

18.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.    TOTAL AGREEMENT AND AFFIRMATIONS

20.     This plea agreement represents the total agreement between the defendant, **ARI ELIAS BAUM,** and the government.  There are no promises made by anyone other than

those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY: _____

JONATHAN P. CANTIL
Assistant United States Attorney

Dated: September __18__, 2017

I have read this agreement, which consists of 8 pages.  I have had a full opportunity to discuss this agreement with my attorneys, Brian Comerford, Esq. and Fonda Kubiak, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
ART ELIAS BAUM
Defendant

Dated: September __18__, 2017

_____
BRIAN COMERFORD, ESQ.
Attorney for the Defendant

Dated: September __18__, 2017

_____
FONDA KUBIAK, ESQ.
Attorney for the Defendant

Dated: September __18__, 2017