IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                                      14-CR-164-S

ARI ELIAS BAUM,

                Defendant.

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

**THE UNITED STATES OF AMERICA,** by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, Jonathan P. Cantil, respectfully submits this response in opposition to the defendant's Sentencing Memorandum (Dkt. 142) and in support of the government's request for a guideline sentence.

**PRELIMINARY STATEMENT**

The defendant stands before this Court having pled guilty to Count 1 of the Indictment, charging a violation of Title 42, United States Code, Section 1383a(a)(2) [False Statement for Use in Determining Supplemental Security Income Benefits]. The written plea agreement at paragraph 11 states that neither the government nor the defense will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines. (Dkt. 137). The Presentence Investigation Report dated October 23, 2017 currently calculates the defendant's guideline range of

imprisonment at 0-6 months. For the reasons set forth below, the government respectfully requests the Court impose a guideline sentence of **6** months imprisonment along with full restitution and a term of supervised release of 1 year.

## STATEMENT OF FACTS

The government concurs with and relies on the statement of facts outlined in the Presentence Investigation Report.

## DISCUSSION

Title 18, United States Code, Section 3553(a) requires that this Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." In determining the sentence, this Court must consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(I) Issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) In the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made by such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) Any pertinent policy statement --

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a).

In executing these statutory responsibilities, the Court must first correctly calculate the applicable Guidelines range. Gall v. United States, 128 S.Ct. 586, 596 (2007). This range is "the starting point and the initial benchmark." Id. Although this Court must treat the Guidelines as advisory, United States v. Ratoballi, 452 F.3d 127, 131-32 (2d Cir. 2006), an error in determining the applicable Guidelines range nonetheless would be the type of procedural error that could render a sentence unreasonable on appellate review. United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir. 2005).

The Court must then "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall, 128 S.Ct. at 596. In determining whether the §3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." Id., at 597. In that regard, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. §3661.

**The Court Should Impose a 6 Month Sentence of Imprisonment**

For many Americans the prospect of going on a four-month international vacation is simply out of reach. Harsh economic realities often prevent people, especially those in the disabled population, from saving enough money to afford a vacation. For those fortunate enough to afford such luxuries, it can involve months, often years, of saving, sacrificing, working extra jobs or taking over-time shifts at work. The defendant, Ari Baum, did not save;

he did not sacrifice; he did not work at all to provide himself with a luxury vacation seldom experienced by even the most fortunate law-abiding citizens.  Instead, the defendant, knowing full well the dishonesty of his actions, went on a four-month vacation bought and paid for by the Social Security Administration and the Federal Government, committing Supplement Security Income fraud in the process.

The defendant knew that he couldn't be out of the country for 30 consecutive days while collecting Supplemental Security Income when he flew from John F. Kennedy Airport in New York City to Casablanca, Morocco on March 22, 2013.  He knew what he was doing was wrong when he traveled between Morocco, Egypt, Turkey, the United Arab Emirates, and France for four-months between March 2013 and August 2013.  He knew he was in the wrong when he visited the Burj Khalifa, the Louvre, the Eiffel Tower, and the Pyramids of Giza in Egypt, and he knew it was wrong when he returned to the United States from Paris, France in August of 2013.  He knew this because he had previously broken these same rules and been given a second chance.

From April 2009 to March 2010, the defendant left the United States for nearly 11 months while collecting Supplemental Security Income.  During this 2009 to 2010 travel, the defendant's Social Security benefits were stopped and he was informed that he could not be out of the country for 30 consecutive days while collecting Supplemental Security Income.  Despite the illegality of the defendant's actions in 2009 and 2010, and instead of facing a criminal prosecution, the defendant received a second chance.  He was forced to repay the

money he owed and was routinely reminded by the Social Security Administration that he could not leave the United States for 30 consecutive days or a calendar month.

The defendant was also reminded that he could not be out of the country for 30 consecutive days when he was interviewed by the Social Security Administration only weeks prior to his March 2013 travel.

Perhaps the most telling evidence of the defendant's knowledge that he couldn't be outside of the United States for 30 consecutive days while collecting SSI is the defendant's own words. In an April 2013 Facebook conversation between the defendant and his father, while the defendant was in Morocco, the defendant's father asked, "How is your money holding out?" The defendant replied, "life is cheaper here but I will lose the ssi eventually if I stay here because they will find out that I am out of the [country]."

However, despite knowing he could not leave the country while collecting money from the Federal Government, and despite receiving a second chance, the defendant opted to commit the same fraud and go on a lavish four-month vacation.

When faced with his conduct, and questioned by the Social Security Administration about whether he had been outside of the country for 30 consecutive days following his travel, the defendant lied and tried to cover up his actions. In December 2013, after returning from his 2013 travel, the defendant was interviewed by the Social Security Administration during

a routine Supplemental Security Income recertification, and was asked directly whether he had been out of the country for 30 consecutive days or a calendar month. The defendant, under oath, replied that he had not engaged in any such travel.

The defendant's actions demonstrate selfishness, arrogance, and a brazen disregard for the rules. The defendant has already been afforded a second chance in 2010 when he was not criminally prosecuted for the same exact conduct. The defendant clearly did not value this second chance he was given.

In determining an appropriate sentence, Courts consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. Courts should impose a sentence that is sufficient, but not greater than necessary, to comply with the aforementioned considerations. Here, a sentence of 6 months imprisonment, along with full restitution and a period of supervised release reflects the seriousness of this offense, the need to adequately deter such conduct in the future, and is sufficient, but not greater than necessary.

## **CONCLUSION**

For all the above stated reasons the government respectfully requests the court impose a **6** month sentence of incarceration along with full restitution to the victim and a period of supervised release.

DATED:    Buffalo, New York, November 9, 2017.

JAMES P. KENNEDY, JR.
Acting United States Attorney

BY:    */S/ JONATHAN P. CANTIL*
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5795
Jonathan.Cantil@usdoj.gov